United States District Court
Southern District of Texas
**ENTERED**
September 06, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JASON ALEXANDER, et al., §
 §
 Plaintiffs, §
 §
v. §
 §
THE WOODLANDS LAND DEVELOPMENT § CIVIL ACTION NO. H-18-2291
COMPANY L.P., THE HOWARD §
HUGHES CORPORATION, LJA §
ENGINEERING, INC. f/k/a LJA §
ENGINEERING & SURVEYING, INC., §
and JAMES R. BOWLES, §
 §
 Defendants. §

## MEMORANDUM OPINION AND ORDER

Plaintiff Jason Alexander and 486 other plaintiffs ("Plaintiffs") filed this action on May 29, 2018, in the 215th Judicial District Court of Harris County, Texas, against defendants The Woodlands Land Development Company L.P., The Howard Hughes Corporation, LJA Engineering, Inc., and James R. Bowles (collectively, "Defendants") asserting claims for negligence, gross negligence, and violations of the Texas Deceptive Trade Practices Act ("DTPA").[1] Defendants timely removed the action.[2] Pending before the court is Plaintiffs' Motion to Remand ("Motion to Remand") (Docket Entry No. 10). Because this case does not present

---

[1]Plaintiffs' Original Petition and Request for Disclosure ("Original Petition"), Exhibit B to Notice of Removal, Docket Entry No. 1-2, pp. 5-40.

[2]See Notice of Removal, Docket Entry No. 1.

a removable federal question, Plaintiffs' Motion to Remand will be granted.

## I. Factual and Procedural Background

Plaintiffs allege that in October of 1994 a catastrophic rain storm hit the Houston Metropolitan Area. The rainfall caused the San Jacinto River to rise by 28 feet and Spring Creek, a tributary of the San Jacinto River, to rise by 10 feet. The Spring Creek watershed is located near the city of Tomball, Texas, and reached flood levels approximating a 500-year flood during the October 1994 storm.[3] After the October 1994 storm, defendants The Woodlands Development Company L.P. and The Howard Hughes Corporation (collectively, the "Developer Defendants") designed and developed Timarron Park, a residential community of single-family homes located on the northern side of Harris County in Tomball, Texas.[4] The engineers who designed the storm water drainage features for Timarron Park were defendants LJA Engineering, Inc. and James R. Bowles (the "Engineering Defendants").[5] Timarron Park is bordered on its northern and western sides by Spring Creek.

Plaintiffs allege that when Timarron Park was planned and developed it was located within a Federal Emergency Management

---

[3]Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-2, p. 33 ¶ 505.

[4]Id. at 34 ¶ 506.

[5]Id. at 34 ¶ 507.

Agency ("FEMA") designated 500-year floodplain, even though the same area flooded during the October 1994 storm.[6] All sections of Timarron Park were built outside of the 100-year floodplain, although some portions needed to be filled with dirt to be elevated above the 100-year flood levels.[7] Plaintiffs allege that "[d]espite knowing that the October 1994 storm exceeded the 500-year flood plain, the Developer Defendants chose to design, build, and sell homes in the 500-year flood plain anyway[,] . . . [and] Defendants did not develop and build homes in a manner that put them outside of a 500-year flood plain to reduce the likelihood of flooding."[8] Plaintiffs also allege that Defendants either followed no standards for determining the elevation of a house relative to its risk of flooding or used antiquated data.[9]

In August of 2017 Hurricane Harvey hit the Houston Metropolitan Area, causing several feet of water to fill the streets and homes of Timarron Park.[10] Plaintiffs contend that the rainfall around the Timarron Park community during Hurricane Harvey was foreseeable.[11] Plaintiffs allege that the Engineering

---

[6] Id. at 34 ¶¶ 507-508.

[7] Id. at 34 ¶ 508.

[8] Id. at 34-35 ¶¶ 509-10.

[9] Id. at 35 ¶ 510.

[10] Id. at 36 ¶ 517.

[11] Id. at 35 ¶ 516.

Defendants did not design the storm water management system of Timarron Park to handle anticipated rainfall amounts, and that the Developer Defendants built all or some of the houses in Timarron Park at an elevation that they knew or should have known was unreasonably low.[12] Plaintiffs allege that as a result of Defendants' acts and omissions, Plaintiffs have been displaced from their homes and will endure months and years of repairs.[13] Plaintiffs bring claims for negligence and gross negligence against the Engineering Defendants, and bring claims for negligence, gross negligence, and violations of the DTPA against the Developer Defendants.[14]

Defendants timely removed the case to this court, asserting federal question jurisdiction under 28 U.S.C. § 1331.[15] Defendants contend that Plaintiffs' claims are completely preempted by federal law or, alternatively, raise a disputed and substantial federal issue sufficient to allow the exercise of federal question jurisdiction because those claims require an analysis of FEMA's process and floodplain determinations.[16] Plaintiffs disagree and

---

[12]Id. at 36 ¶¶ 518-19.

[13]Id. at 36 ¶ 520.

[14]Id. at 36-40 ¶¶ 521-34.

[15]Notice of Removal, Docket Entry No. 1, p. 2. Defendants The Howard Hughes Corporation, LJA Engineering Inc., and James R. Bowles joined in the removal of this action. See Notice of Consent to Removal, Docket Entry Nos. 2-3.

[16]Notice of Removal, Docket Entry No. 1, pp. 2-3.

now move to remand the action back to state court.[17] Defendants filed a Response in opposition,[18] and Plaintiffs filed a Reply.[19]

## II. Removal and Federal Question Jurisdiction

Under 28 U.S.C. § 1441(a)[20] any civil action over which a federal court would have original jurisdiction may be removed from state to federal court. See Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California, 103 S. Ct. 2841, 2845 (1983). The removing party bears the burden of showing that subject matter jurisdiction exists and that the removal procedure was properly followed. Manguno v. Prudential Property and Casualty Insurance Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996) ("[T]here is a presumption against subject matter

---

[17]See Motion to Remand, Docket Entry No. 10.

[18]See Defendants the Woodlands Land Development Company L.P.'s and The Howard Hughes Corporation's Opposition to Plaintiffs' Motion to Remand ("Defendants' Response"), Docket Entry No. 15. Defendants LJA Engineering and James R. Bowles joined in Defendants' Response. See Defendants LJA Engineering, Inc. f/k/a LJA Engineering & Surveying, Inc.'s and James R. Bowles's Joinder in the Developer Defendants' Opposition to Plaintiffs' Motion to Remand, Docket Entry No. 16.

[19]See Plaintiffs' Reply in Support of Their Motion to Remand ("Plaintiffs' Reply"), Docket Entry No. 17.

[20]Title 28 U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place were such action is pending."

jurisdiction that must be rebutted by the party bringing an action to federal court."). Removal jurisdiction depends on the plaintiff's state court pleadings at the time of removal. Beneficial National Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003). Ambiguities or doubts are to be construed against removal and in favor of remand. Manguno, 276 F.3d at 723.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. . . ." Kokkonen v. Guardian Life Insurance Co. of America, 114 S. Ct. 1673, 1675 (1994). Article III of the Constitution[21] is construed broadly to permit federal question jurisdiction whenever federal law "forms an ingredient" of the original cause of action, Osborn v. Bank of the United States, 22 U.S. (9 Wheat) 738, 823 (1824); see also Verlinden B.V. v. Central Bank of Nigeria, 103 S. Ct. 1962, 1971 (1983) (holding that the Constitution permits federal jurisdiction over any case that "might call for the application of federal law"). But the Supreme Court has made it clear that the statutory grant of federal question jurisdiction providing that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States,"[22] places

---

[21]Article III, § 2 provides in relevant part: "The judicial power shall extend to all Cases, in Law and Equity, arising under this Constitution[ and] the Laws of the United States. . . ."

[22]28 U.S.C. § 1331.

-6-

stricter limits on federal question jurisdiction. See, e.g., Verlinden, 103 S. Ct. at 1972 ("Article III 'arising under' jurisdiction is broader than federal question jurisdiction under § 1331").

Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987). "Since a defendant may remove a case only if the claim could have been brought in federal court, . . . the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" Merrell Dow Pharmaceuticals Inc. v. Thompson, 106 S. Ct. 3229, 3232 (1986). If a plaintiff chooses not to present a federal claim, even though one is potentially available, the defendant may not remove the case from state to federal court. See, e.g., The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913) ("[T]he party who brings a suit is master to decide what law he will rely upon, and therefore does determine whether he will bring a 'suit arising under' . . . [the] law of the United States. . . ."). "Even an inevitable federal defense does not provide a basis for removal jurisdiction." Bernhard v. Whitney National Bank, 523 F.3d 546, 551 (5th Cir. 2008). Congress only provided for removal of a case from state to federal court when a

plaintiff's complaint alleges a claim "arising under" federal law, within the meaning of § 1331. See 28 U.S.C. § 1441; Beneficial National Bank, 123 S. Ct. at 2062. A case "arises under" federal law if it appears from the face of a well-pleaded complaint that the cause of action is created by federal law. Beneficial National Bank, 123 S. Ct. at 2062.

There are two exceptions to the "well-pleaded complaint" rule. The first exception applies if state law is subject to complete preemption. Bernhard, 523 F.3d at 551 (citing Terrebonne Homecare, Inc. v. SMA Health Plan, Inc., 271 F.3d 186, 188-89 (5th Cir. 2001)). The second exception allows removal of "a case pleading only state law claims . . . 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Bernhard, 523 F.3d at 551 (quoting Franchise Tax Board, 103 S. Ct. at 2846).

### III. Analysis

Defendants argue that the court has federal question jurisdiction over this action because the National Flood Insurance Act, 42 U.S.C. §§ 4001-129 ("NFIA"), completely preempts Plaintiffs' claims, and Plaintiffs' allegations necessarily implicate substantial federal issues.[23]

---

[23]Defendants' Response, Docket Entry No. 15, p. 9.

A.  Complete Preemption

1.  Applicable Law

Complete preemption is an exception to the well-pleaded complaint rule. New Orleans & Gulf Coast Railway Company v. Barrois, 533 F.3d 321, 330 (5th Cir. 2008). The complete preemption doctrine converts what appears to be a state law claim into a claim arising under federal law when "the federal statute 'so forcibly and completely displace[s] state law that the plaintiff's cause of action is either wholly federal or nothing at all.'" Hoskins v. Bekins Van Lines, 343 F.3d 769, 773 (5th Cir. 2003) (quoting Carpenter v. Wichita Falls Independent School District, 44 F.3d 362, 366 (5th Cir. 1995)). To establish complete preemption over Plaintiffs' otherwise purely state law claims, Defendants must demonstrate

> (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law;
>
> (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and
>
> (3) there is a clear Congressional intent that claims brought under the federal law be removable.

Hoskins, 343 F.3d at 775 (quoting Johnson v. Baylor University, 214 F.3d 630, 632 (5th Cir. 2000)). The Supreme Court clarified the third step of this test in Beneficial National Bank, explaining that "the proper inquiry focuses on whether Congress intended the federal cause of action to be exclusive rather than on whether Congress intended that the cause of action be removable, . . . ."

123 S. Ct. at 2064 n.5. "Therefore, we must determine that Congress intended a federal act to provide the exclusive cause of action for the claims at issue to hold that it completely preempts state law claims." Bernhard, 523 F.3d at 553. However, "a defense that relies on . . . the pre-emptive effect of a federal statute will not provide a basis for removal." Beneficial National Bank, 123 S. Ct. at 2062 (internal citations omitted).

The NFIA, upon which Defendants' removal is predicated, was enacted by Congress in 1968. The principal purpose in enacting the NFIA "was to reduce, by implementation of adequate land use controls and flood insurance, the massive burden on the federal fisc of the ever-increasing federal flood disaster assistance." Wright v. Allstate Insurance Co., 500 F.3d 390, 396 (5th Cir. 2007) (internal citations and quotations omitted). The National Flood Insurance Program ("NFIP") was created through the NFIA for the principal purpose of reducing that massive burden through floodplain management and by increasing the availability of subsidized flood insurance. United States v. St. Bernard Parish, 756 F.2d 1116, 1122 (5th Cir. 1985). FEMA is responsible for the oversight of the NFIP, identifies flood-prone areas, and publishes flood-risk zone data. See 42 U.S.C. § 4101.

Congress has provided a private remedy for insurance policyholders in Sections 4053 and 4072 of the NFIA, which "allow a policyholder to sue in federal court if he is dissatisfied with the amount of a claim payment." Wright, 500 F.3d at 397.

Therefore, "the NFIA preempts state law claims that arise under federal flood insurance policies." Id. at 398 (emphasis added). But courts in this circuit have rejected arguments that the NFIA completely preempts a plaintiff's state claims other than those specifically provided for in the Act. See Wright, 500 F.3d at 395-96 (refusing to infer a private right of action in the NFIA for extracontractual claims against a private insurer); Hood ex rel. Mississippi v. Mississippi Farm Bureau Insurance, Civil Action No. 3:05-572LN, 2006 WL 8197045 at *8 (S.D. Miss. March 8, 2006) ("Defendants' arguments as to the strength of the federal interest in the outcome of this case do not persuade the court that the NFIA reflects a Congressional intent to completely preempt the entire field of flood insurance to the exclusion of state law and regulation."). "That Congress expressly authorized private causes of action in other sections of the NFIA weighs against [the] theory that Congress implicitly intended the courts to fashion additional causes of action." Wright, 500 F.3d at 397.

2. Application

Defendants argue that Plaintiffs are actually challenging FEMA's statutorily-mandated floodplain determinations, and that because the NFIA provides the sole bases to challenge the determinations, Plaintiffs' claims are completely preempted.[24]

---

[24]Notice of Removal, Docket Entry No. 1, p. 2 ¶ 9, p. 5 ¶ 16.

Specifically, Defendants argue that Section 4104 of the NFIA preempts Plaintiffs' claims because it "established a detailed procedure for challenging FEMA's floodplain determinations, requiring any affected person to timely challenge them—first administratively to the Director of FEMA, then judicially to a U.S. district court after administrative exhaustion."[25]

The court is not persuaded by Defendants' argument because nowhere in Plaintiffs' Original Petition do Plaintiffs challenge FEMA's floodplain determinations. Moreover, Defendants do not cite, and the court has not found, any language in the NFIA that indicates, or any case which holds, that the NFIA completely preempts state tort claims for negligence, gross negligence, and violations of the DTPA against developers and engineers of properties built on floodplains.[26] Because Plaintiffs' claims do not arise out of the handling or disposition of federal flood insurance policies, and because the court has not found any authority that supports Defendants' argument that the NFIA "creates a cause of action that both replaces and protects" state tort claims, the court concludes that the NFIA does not reflect Congressional intent to completely preempt state tort claims for

---

[25]Defendants' Response, Docket Entry No. 15, p. 22.

[26]The authorities that Defendants cite concern NFIA's preemption in cases involving flood elevation determinations, flood insurance payment, or coverage disputes. See Defendants' Response, Docket Entry No. 15, pp. 22-23.

negligence, gross negligence, and violations of the DTPA against developers or engineers of properties to the exclusion of state law and regulation.

B.  **Substantial Federal Question**

1.  <u>Applicable Law</u>

Federal question jurisdiction may exist over a state law cause of action if a well-pleaded complaint establishes that the plaintiff's "right to relief necessarily depends on resolution of a substantial question of federal law." <u>Empire Healthchoice Assurance, Inc. v. McVeigh</u>, 126 S. Ct. 2121, 2131 (2006) (quoting <u>Franchise Tax Board</u>, 103 S. Ct. at 2856). The Supreme Court has called this category of federal question cases "special and small." <u>Empire</u>, 126 S. Ct. at 2136. Indeed, the Supreme Court has not "treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law." <u>Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing</u>, 125 S. Ct. 2363, 2368 (2005); <u>see also</u> <u>Merrell Dow</u>, 106 S. Ct. at 3234 (holding that the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"). "Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." <u>Grable</u>, 125 S. Ct. at 2368; <u>see also</u> <u>Singh v.</u>

Duane Morris LLP, 538 F.3d 334, 338 (5th Cir. 2008) ("[F]ederal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.").

2. Analysis

   a. Resolving Federal Issues is Not "Necessary"

When a claim can be supported by alternative and independent theories of recovery, one based on state law and the other on federal law, that claim may not form the basis for federal question jurisdiction because federal law is not a "necessary" element of the claim. Willy v. Coastal Corp., 855 F.2d 1160, 1170-71 (5th Cir. 1988) (citing Christianson v. Colt Industries Operating Corp., 108 S. Ct. 2166, 2174 (1988)); see also PlainsCapital Bank v. Rogers, 715 F. App'x 325, 330 (5th Cir. 2017) ("When state law provides an alternative ground for recovery, the federal issue is not 'necessarily raised.'").

For example, in MSOF Corp. v. Exxon Corp. the plaintiffs alleged negligence and strict liability torts under Louisiana law and also alleged that the defendant violated federal, state, and local regulations. 295 F.3d 485, 490 (5th Cir. 2002). Although both Louisiana law and federal law provided causes of action for the relief the plaintiffs sought, the court held that this "does

not suffice to render the action one arising under federal law." Id.

In contrast, in <u>Board of Commissioners of Southeast Louisiana Flood Protection Authority-East v. Tennessee Gas Pipeline Company, L.L.C.</u>, the Fifth Circuit held that the plaintiff's negligence and nuisance claims necessarily raised a federal issue sufficient to justify federal jurisdiction because federal law created the duty and remedy underlying those claims. 850 F.3d 714, 722-23 (5th Cir. 2017). The court noted that the Louisiana Supreme Court had "explicitly rejected the prospect that a statutory obligation of 'reasonably prudent conduct' could require oil and gas lessees to restore the surface of dredged land" and explained that the plaintiff's negligence and nuisance claims could not "be resolved without a determination whether multiple federal statutes create a duty of care that does not otherwise exist under state law." Id. at 723.

Plaintiffs allege that Defendants failed to conform to the standards of care applicable to professional engineers or developers, as detailed by the declaration of an expert attached to their Original Petition,[27] and they seek actual, compensatory, and punitive damages.[28] Because the underlying duty exists under state

---

[27] See Declaration of Philip Bedient, Exhibit A to Original Petition, Docket Entry No. 1-2, pp. 47-48.

[28] Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-2, pp. 40-41 ¶¶ 535-36.

law, state law controls whether Defendants' actions were negligent or grossly negligent. Unlike the plaintiff in Board of Commissioners, Plaintiffs are not seeking any remedy that could not be "required under any state law-based conception of negligence." 850 F.3d at 722. As to the DTPA claim, Plaintiffs allege numerous laundry list violations and allege that the Developer Defendants expressly and impliedly "warranted that the homes were constructed in a manner that placed them outside of the 500-year flood plain[.]"[29] Plaintiffs do not allege that FEMA's floodplain determinations were mistaken or improperly performed. Therefore, whether Defendants violated the DTPA by misrepresenting the risk of flood damage or making false representations regarding the location of Plaintiffs' properties within or outside the FEMA-designated 500-year floodplain does not implicate federal law. Because there are independent state-law grounds for recovery, it is not necessary to resolve a federal issue to decide Plaintiffs' negligence, gross negligence, and DTPA claims.

      b. The Federal Issues Are Not "Actually Disputed" and "Substantial"

Defendants argue that the federal issues are substantial because "[i]f the correctness of FEMA's floodplain determinations and the liability of those that rely on them could be determined in numerous state courts pursuant to different, inconsistent

---

[29] Id. at 39-40 ¶ 532.

standards, the NFIP would be upended."[30] However, Plaintiffs do not allege that FEMA's floodplain determinations were incorrect.[31] Because Plaintiffs challenge Defendants' professional judgment and representations, not the accuracy of FEMA's determinations, no federal issue is actually disputed and substantial.

In Merrell Dow the Supreme Court declined to extend federal question jurisdiction over a state tort action resting in part on the allegation that the defendant pharmaceutical company had violated federal labeling standards. 106 S. Ct. at 3231. Congress had not provided a federal private cause of action for violation of the labeling standards, an inaction that the Court found "tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." Id. at 3235.

As discussed in Part III(A)(1) above, Congress has not created a cause of action under the NFIA for tort actions against engineers or developers who built properties in FEMA-designated floodplains. Congress's decision not to provide such a private right of action is further authority that such claims, which do not challenge FEMA's floodplain designations, do not create a "substantial" question of federal law.

---

[30]Defendants' Response, Docket Entry No. 15, p. 28.

[31]Plaintiffs' Reply, Docket Entry No. 17, p. 8 ("Plaintiffs have made no allegation that FEMA's floodplain determinations were mistaken or improperly performed.").

### c. Balance of Federal and State Judicial Responsibilities

The lack of a federal private right of action also indicates that Congress did not intend to alter the balance of federal and state judicial responsibilities. See Grable, 125 S. Ct. at 2370 ("For if the federal labeling standard [in Merrell Dow] without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action. And that would have meant a tremendous number of cases."). Texas courts have an interest in deciding professional negligence claims and Texas DTPA claims. State enforcement of these state tort claims is also consistent with NFIA's goal to encourage community floodplain management.

## IV. Conclusion

Plaintiffs have carefully pled state tort claims in their Original Petition. Because Plaintiffs do not allege a federal cause of action under the NFIA and because their negligence, gross negligence, and DTPA claims are created by state law, Defendants have not shown that federal jurisdiction exists on the face of Plaintiffs' Original Petition. Defendants have also failed to show that federal law completely preempts Plaintiffs' claims for negligence, gross negligence, or violation of the DTPA against developers or engineers who built properties. Nor do Plaintiffs' claims raise a federal issue sufficient to create federal

jurisdiction in this case because they are neither "necessary" nor "substantial" within the meaning of § 1331. Accordingly, Plaintiffs' Motion to Remand (Docket Entry No. 10) is **GRANTED**. This case is **REMANDED** to the 215th Judicial District Court of Harris County, Texas. The clerk will promptly provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County, Texas. In light of this Memorandum Opinion and Order, Defendants The Woodlands Land Development Company, L.P.'s and The Howard Hughes Corporation's Motion to Dismiss Pursuant to Rule 12(b)(6)[32] (Docket Entry No. 5) is **MOOT**.

**SIGNED** at Houston, Texas, on this 6th day of September, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[32]Defendants LJA Engineering and Jason R. Bowles joined the motion to dismiss. See Defendants LJA Engineering, Inc. f/k/a LJA Engineering & Surveying, Inc.'s and Jason R. Bowles's Joinder in Defendants The Woodlands Land Development Company, L.P.'s and The Howard Hughes Corporation's Motion to Dismiss Pursuant to Rule 12(b)(6), Docket Entry No. 6.